UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL CHAPPLE,

        Petitioner,        Case Number: 17-10251

v.

BONITA HOFFNER,

        Respondent.
                                  /

**ORDER TRANSFERRING PETITION FOR WRIT OF HABEAS CORPUS TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT**

Michael Chapple, a Michigan state prisoner, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the Court determines that this is a successive habeas corpus petition and, therefore, orders it transferred to the United States Court of Appeals for the Sixth Circuit, pursuant to 28 U.S.C. §§ 1631 and 2244(b)(3)(A).

Petitioner is incarcerated pursuant to convictions for first-degree murder, Mich. Comp. Laws § 750.316, and felony firearm, Mich. Comp. Laws § 750.227b. On April 9, 1993, he was sentenced in Wayne County Circuit Court to life imprisonment for the murder conviction and two years' imprisonment for the felony-firearm conviction. In 1998, Petitioner filed a habeas corpus petition in this court challenging the same convictions at issue in this petition. The earlier-filed petition, assigned to the Honorable Arthur J. Tarnow, was denied as not timely filed. *See* August 26, 1998 Opinion and Order, *Chapple v. Caruso,* No. 98-cv-71555, Dkt. # 14.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) "requires petitioners challenging state court judgments to seek authorization in a federal appeals court before filing a 'second or successive application' in district court. 28 U.S.C. § 2244(b)(3)(A)." *In re Stansell,* 828 F.3d 412, 414 (6th Cir. 2016), *see also Magwood v. Patterson*, 561 U.S. 320, 330-31 (2010) ("If an application is 'second or successive,' the petitioner must obtain leave from the Court of Appeals before filing it with the district court"). A habeas petition is "second or successive" for purposes of Section 2244(b) if the prior petition was decided on the merits. *In re William Garner*, 612 F.3d 533, 535 (6th Cir. 2010), citing *In re Cook*, 215 F.3d 606, 607-08 (6th Cir. 2000). Petitioner's prior habeas petition was denied as untimely. A dismissal of a habeas petition as untimely constitutes a disposition on the merits. *Cook*, 215 F.3d at 607-08; *see also McNabb v. Yates,* 576 F.3d 1028, 1029 (9th Cir. 2009). Therefore, the present petition is a second petition requiring prior authorization from the Sixth Circuit Court of Appeals. When a second or successive petition for habeas corpus relief is filed in the district court without prior authorization, the district court must transfer the petition to the Court of Appeals pursuant to 28 U.S.C. § 1631. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Accordingly, the Court will transfer the petition to the Court of Appeals.

At the time he filed this petition, Petitioner also filed a "Motion Requesting Permission for District Court to Review Second/Successive Petition for Writ of Habeas Corpus." As noted, Petitioner must seek authorization to file a successive petition from the Court of Appeals for the Sixth Circuit, not from the District Court. This motion will be denied without prejudice.

IT IS ORDERED the District Court Clerk to transfer this case to the United States Court of Appeals for the Sixth Circuit.

IT IS FURTHER ORDERED that Petitioner's "Motion Requesting Permission for District Court to Review Second/Successive Petition for Writ of Habeas Corpus" (Dkt. # 3) is DENIED WITHOUT PREJUDICE.

     S/Robert H. Cleland
     ROBERT H. CLELAND
     UNITED STATES DISTRICT JUDGE

Dated:  February 8, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 8, 2017, by electronic and/or ordinary mail.

     S/Shawna C. Burns
     Case Manager Generalist
     (810) 984-2056